WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Gerard Frye,<br><br>  Plaintiff,<br><br>v.<br><br>Milia M. Cohen, *et al.*,<br><br>  Defendants. | No. CV-23-00937-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Christopher Gerard Frye's Application for Leave to Proceed *In Forma Pauperis* (Docs. 2 sealed, 15),[1] which he filed concurrently with his Complaint (Doc. 1, "Compl."). Plaintiff has also filed a "Motion to Order Defendants to Immediately Cease All Collection Actions Targeting Defendant By 06/05/2023" (Doc. 6). For the reasons set forth below, the Court denies Plaintiff's *In Forma Pauperis* Application, dismisses his Complaint, and denies as moot his Motion requesting injunctive relief.

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915**

The Court may authorize a party to commence a civil action without prepaying court fees—to proceed *in forma pauperis* ("IFP")—if the person submits an affidavit attesting to their poverty. 28 U.S.C. § 1915(a)(1). Although a plaintiff seeking IFP status need not be

---

[1] Plaintiff's initially-filed Application is at Docket Entry 2, which the Court ordered be placed under seal because it referred to a minor child by name. (Doc. 14.) Pursuant to the Court's Order, Plaintiff filed a corrected version of the Application at Docket Entry 15.

"absolutely destitute," he or she "must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235. The determination is within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds by* 506 U.S. 194 (1993).

For cases in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2) provides that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." The statute applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that Section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127 (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

### B. Pleading Requirements

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

## II. ANALYSIS

Plaintiff's IFP Application is deficient in several respects. First, the Affidavit in Support is unsigned. The Local Rules require that declarations in support of requests to proceed IFP be signed and executed under penalty of perjury. LRCiv 3.3. On the merits, Plaintiff has not shown he lacks sufficient funds to pay the filing fee. Plaintiff states he has a total monthly income of $6,900.00, which would put him above the $1,100 median national weekly earnings. *See* Bur. of Lab. Stats., "News Release, Usual Weekly Earnings of Wage and Salary Workers, First Quarter 2023" (April 18, 2023), available at https://www.bls.gov/news.release/pdf/wkyeng.pdf. Moreover, Plaintiff states he has total monthly expenses of $5,969.00, substantially less than his income, and also states he has $1,300.00 in cash in a checking account. In short, Plaintiff has failed to demonstrate that he "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

In any event, Plaintiff's Complaint fails to state a claim for which relief may be granted. Plaintiff alleges that Defendants have "institutionalized a system" of fabricating "fictitious scenarios" to justify taxing former residents of California, thereby "seizing moneys they are not entitled to as [sic] resulted in billions of dollars stolen from the treasuries of all other 49 states by taking money from their citizens that otherwise would have been spent in their new states of residence." (Compl. at 4.) He seeks an injunction against California's collection of this purportedly unlawful tax and a refund of past-collected tax. (*Id*. at 5–6.) He has named California's Franchise Tax Board ("FTB") as a Defendant, alongside the FTB's Director and the state's Governor. As the asserted basis for this Court's federal-question jurisdiction, Plaintiff cites "[i]llegal seizure of assets across state lines," "[t]axation without representation," and "[d]iversion of tax revenue." (*Id*. at 3.) He does not reference any federal statutory or constitutional cause of action.

As an initial matter, it is simply not plausible that Defendants have engaged in the unlawful scheme Plaintiff alleges and that Plaintiff has just now uncovered it. Plaintiff also appears to be attempting to assert claims on behalf of residents of all States in the union

other than California, which he lacks standing to do. *See Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (recognizing a plaintiff generally "must assert his own legal rights" and "cannot rest his claim to relief on the legal rights . . . of third parties").

Moreover, "[a] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). To the extent Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983, state agencies and state officials acting in their official capacities are also not "persons" against whom a claim for monetary relief can be made. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff's claim for injunctive relief runs afoul of the Tax Injunction Act, which provides that "district courts shall not enjoin, suspend or retrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "By its plain language, the Act deprives federal district courts of subject matter jurisdiction over actions for injunctive relief from state taxation schemes." *Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1235 (9th Cir. 1984).

Given these defects, Plaintiff's Complaint must be dismissed. *See Lopez*, 203 F.3d at 1129; *see also Hunt v. County of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (recognizing district courts' authority to dismiss a complaint *sua sponte* under Rule 12(b)(6) "when it is clear that the plaintiff has not stated a claim upon which relief may be granted") (quoting *Trujillo v. Crescent Jewelers*, 243 F.3d 550 (9th Cir. 2000)). The Court will not grant Plaintiff leave to amend his Complaint because it would be futile in light of the deficiencies identified above. *See Lopez*, 203 F.3d at 1130.

**IT IS THEREFORE ORDERED** denying Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Docs. 2 sealed, 15) and dismissing his Complaint (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Motion to Order Defendants to Immediately Cease All Collection Actions Targeting Defendant By 06/05/2023" (Doc. 6).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 26th day of June, 2023.

Honorable John J. Tuchi
United States District Judge